IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CATHERINE GIPSON                                                                              PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:13CV00102-JMV

FOOD GIANT                                                                 DEFENDANT

MEMORANDUM OPINION AND ORDER ON
FOOD GIANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the court on Defendant's *unopposed* Motion for Summary Judgment [21]. For the reasons set forth in Defendant Food Giant's motion and memorandum, and as set forth hereafter, the motion will be granted.

<u>I. Facts</u>

Plaintiff commenced this lawsuit March 14, 2013 in the Circuit Court of Tippah County, Mississippi alleging Food Giant breached an express warranty causing her personal injury. Based on complete diversity of citizenship between the parties, Defendant removed this action on April 19, 2013.

In the complaint Plaintiff alleges she injured a tooth on July 16, 2012, after biting down on a fragment of bone contained in ground beef purchased from Defendant's Ripley, Mississippi grocery store. Plaintiff subsequently underwent an extraction of the injured tooth.

As the legal basis for her suit, Plaintiff alleges Defendant breached an express warranty provided to her which was comprised of representations she claims were found on the label Defendant placed on the subject package of ground beef. Plaintiff attached a copy of the label from the subject package to her Complaint as Exhibit A.

Plaintiff alleges the label describes the ground beef as "fully processed and ready to serve" and claims this description is a representation that the ground beef was "fully processed, and ready for

immediate preparation without further processing by one purchasing it" which altogether amounts to an express warranty that the ground beef was "reasonably fit to be served without further processing or caution." Plaintiff further alleges she read the label on the package prior to purchasing it and relied on the representations. Plaintiff also alleges that on August 23, 2012 she provided Defendant written notice of its breach of warranty and of the injuries and damages she sustained as result thereof.

The sworn testimony provided by Plaintiff in her deposition and responses to Defendant's interrogatories largely corroborate the factual allegations of her complaint, *except* that she testified that her husband, rather than she, bought the subject package of ground beef. Defendant asserts in its motion for summary judgment that it follows then that Plaintiff did not rely on the alleged express warranty as a basis of the bargain to purchase the ground beef. And, as noted, Plaintiff has failed to file any opposition to the motion. Attached to Defendant's motion as "Exhibit C" is the Affidavit of Adam Fowler, the manager of the subject Food Giant. Fowler testifies that the label relied upon by Plaintiff does not represent what Plaintiff alleges. Instead, the court agrees a plain reading of the label shows it simply provides "safe handling instructions."

## II. Discussion

A.    Summary Judgment Standard

Rule 56 of the *Federal Rules of Civil Procedure* provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a

sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 549 (5th Cir. 1989); *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988)**.**

The party moving for summary judgment bears the initial responsibility of informing the District Court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 325. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

On a motion for summary judgment by the defendant, the trial court must ask whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). Summary judgment must be granted if the evidence favoring the non-moving party is not sufficient for the jury to enter a verdict in his favor. *Id.* at 248-249. Any opposition to a motion for summary judgment must do more than simply show that there is some metaphysical doubt as to the material facts; the opposition must show that there is a genuine issue of material fact such that the record taken as a whole could permit a rational trier of fact to find for the non-moving party. *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986).

    B.    Law and Analysis

Under the Mississippi Products Liability Act, a plaintiff must prove the "product breached an

3

express warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product." *McSwain v. Sunrise Medical, Inc*., 689 F.Supp. 2d 835, 848 (S.D. Miss. 2010) (*quoting* Miss. Code Ann.§11-1-63(a)(i)(4)). In Mississippi, express warranties are created by the seller as follows:[1]  (a) any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise; (b) any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description; (c) any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model. Miss. Code Ann.§75-2-313.

Accordingly, in order for the subject label to serve as an express warranty, as alleged, Plaintiff must show the label explicitly states an affirmation of fact or promise, provides a description of the ground beef, or constitutes a sample or model of the subject ground beef that Plaintiff relied upon and expected the ground beef to conform to. Plaintiff must also present proof that she relied on the representation in electing to use the ground beef. *McSwain*, 689 F. Supp.at 848. Here, Plaintiff has shown neither.

A reading of the label attached to Plaintiff's complaint–and which serves as the basis of her claims–shows the label does not make the representations she alleges it does. The label never affirms a fact or promise of, provides a description of, nor constitutes a sample or model of what Plaintiff could

---

[1] The district court's basis for jurisdiction is diversity jurisdiction, and therefore, the court applies substantive laws of the State of Mississippi in analyzing Plaintiff's claims.
   Further, while Plaintiff does not state her action is one predicated upon Mississippi's Products Liability Act, Miss. Code Ann. Sect. 11-1-63, she does allege personal injury caused by a product which failed to conform to certain express warranties which accompanied the product's sale and upon which she relied in consuming the product.

or should expect the ground beef to conform to. In fact, it is undisputed that the label provides no warranty to Plaintiff at all, but rather, provides federally mandated safe handling instructions for raw meat. Simply put, Plaintiff alleges breach of an express warranty that never existed. Without such a warranty, there can be no breach and, therefore, no cause of action under the Mississippi Products Liability Act. Further, there is a complete lack of proof demonstrating Plaintiff relied on any representation she contends was made regarding the ground beef. *See McSwain, supra*.

Because Plaintiff has failed to generate competent evidence which would tend to prove the allegations of her complaint, there is an absence of issues of material fact for trial. Instead, the undisputed material facts show Defendant made no express warranty to Plaintiff and, therefore, breached no express warranty. Accordingly, controlling legal principles require that Defendant be granted summary judgment.

### III. Conclusion

For the foregoing reasons, Defendant is entitled to judgment on Plaintiff's complaint, and its Motion for Summary Judgment is, therefore, GRANTED. A judgment in favor of Defendant will be entered.

This 20th day of February, 2014.

/s/ Jane M. Virden
U. S. Magistrate Judge